# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-693V
### Filed: June 30, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * *
LISA DAVIS,                          *      Not for Publication
                                     *
              Petitioner,            *
       v.                            *      Attorneys' Fees and Costs; Respondent
                                     *      Does Not Object.
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA*, for petitioner.
*Lynn Ricciardella, United States Department of Justice, Washington, DC*, for respondent.

### DECISION GRANTING ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On July 2, 2015, Lisa Davis ("Ms. Davis" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she suffered from Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") after receiving an influenza ("flu") vaccine on November 23, 2014. *See generally* Petition ("Pet."), ECF No. 1. On April 20, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision, ECF No. 45. Petitioner now seeks an award of attorneys' fees and costs in the amount of $47,016.27 pursuant to Section 15(e) of the Vaccine Act. Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 50, at 2.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

After careful consideration, the undersigned has determined to **grant the request in full** for the reasons set forth below.

## I.     Applicable Law.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Special masters have wide discretion in determining the reasonableness of attorneys' fees and costs. *See Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012); *see also Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) (explaining that special masters are entitled to use their prior experience in reviewing attorneys' fees applications).

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, the Court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The Court may then make an upward or downward departure from the initial calculation based on other specific findings. *Id*. at 1348. special masters may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, reasonable rates for work performed from 2014 to 2015 range from approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id.* For 4 to 7 years of experience, $225 to $300 is

sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

*McCulloch* has been endorsed by all current special masters. Additionally, it is the basis for the fee schedule which is published on the United States Court of Federal Claims' website as a resource for petitioners' counsel. *See* Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed May 17, 2017).

## II.   Discussion.

Petitioner has requested $35,414.50 in attorneys' fees and $11,601.77 in costs, for a total of $47,016.27. Motion for Fees at 2. In accordance with General Order #9, petitioner has filed a signed statement indicating that she did not incur any out of pocket expenses. Respondent filed a response to petitioner's motion for fees on June 19, 2017. Respondent made no specific objection to petitioner's fee application, but merely stated that he was satisfied that the requirements for an award of fees and costs were met, and recommended that "the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 51.

A.   Reasonable Attorneys' Fees

Petitioner has requested an hourly rate of $400 for work performed from 2015 to 2017 for Mr. Cohan. Mr. Cohan has 36 years of experience overall and 25 years of experience in the Vaccine Program. Motion for Fees, Ex. A at 2. Petitioner has requested that associate David Carney receive an hourly rate of $275, with an increase to $290 beginning in October of 2016. Mr. Carney has over six years of experience in practice and in the Vaccine Program. *Id*. at 3. Additionally, petitioner has requested an hourly rate for $135 for work performed from 2015 to 2017 for paralegal Robin Puccio. Special Master Gowen recently issued a decision granting the same hourly rates that petitioner has requested in the instant application. *See Easton v. Sec'y of HHS*, No. 16-1069V, 2017 WL 2806916 (Fed. Cl. Spec. Mstr. June 1, 2017). Based on the foregoing, I find the requested hourly rates to be reasonable.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Motion for Fees, Ex. A. I therefore see no reason to reduce petitioner's fees.

B.   Reasonable Costs

Petitioner has requested $11,601.77 in costs, including $8,500.00 in expert fees and $2,498.32 in costs associated with obtaining medical records. *See* Motion for Fees, Ex. B. These costs appear to be reasonable and appropriate in light of the facts of this case; therefore, I see no need to reduce them.

3

### III.     Total Award Summary.

I find that petitioner's counsel's request is reasonable and he is entitled to the requested fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **a check in the amount of $47,016.27[3] made payable jointly to petitioner, Lisa Davis, and petitioner's counsel of record, Lawrence Cohan, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing or a joint filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).